IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| REYES VARGAS,  )<br>   *Plaintiff,* )<br> )<br>vs. )<br> )<br>BROOKS TAYLOR BAACK, OLUSEGUN )<br>OLUBUKOLA SHOKOYA, AND LYFT, )<br>INC., )<br>   *Defendants.* ) | CASE NO. 1:22-CV-271 |

### DEFENDANT LYFT, INC. NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Lyft, Inc. ("Lyft") hereby gives notice and removes this case to the United States District Court for the Western District of Texas, Austin Division. Lyft represents the following in accordance with the requirement of 28 U.S.C. § 1446(a) for a "short and plain statement of the grounds for removal":

### THE REMOVED CASE

1. The removed case is a civil action filed with the 26th Judicial District Court, Williamson County, Texas, on or about March 16, 2022 styled *Reyes Vargas vs. Brooks Taylor Baack; Olusegun Olubukola Shokoya and Lyft, Inc.*; Cause No. 22-0316-C26 (the "State Court Action"). Plaintiff alleges that Olusegun Olubukola Shokoya and Lyft were negligent with respect to a motor vehicle accident that occurred on June 9, 2021. *See generally* Pl. Orig. Pet.

2.      Promptly after the filing of this Notice of Removal, Lyft shall give written notice of the removal to Plaintiff through Plaintiff's attorney of record and to the clerk of the state court as required by 28 U.S.C. § 1446(d).

### DOCUMENTS FROM STATE COURT ACTION

3.      In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders filed in the State Court Action as of this date, and a copy of the state court's docket sheet, are contained in the Index of Documents, and filed contemporaneously with this Notice of Removal.

### BASIS FOR REMOVAL

4.      This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441 because it is an action between citizens of different states or countries wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

**A.      Complete Diversity of Citizenship Exists**

5.      Based upon the allegations of the Petition, Lyft is informed and believes that Plaintiff is an individual who is a citizen of the state of Florida. Id. at ¶ 4.1

6.      Defendant Lyft is a corporation, incorporated in the State of Delaware with its principal place of business in the state of California. *See* Ex. A at ¶ 4.4.  Lyft is a citizen of California, not Texas.  Lyft has not yet been served. *See* State Court Action docket sheet.

7.      Based upon the allegations of the Petition, Lyft is informed and believes that Defendant Brooks Taylor Baack is an individual and a citizen of the State of Texas. *See* Ex. A at ¶ 4.2.  Defendant Baack has not yet been served.  *See* Exs. B and C.

8.   Based upon the allegations of the Petition, Lyft is informed and believes that Defendant Olusegun Olubukola Shoyoka is an individual and a citizen of the State of Texas. *See* Ex. A at ¶ 4.3.  Defendant Shoyoka has not yet been served. *See* Exs. B, C and D.

9.   Accordingly, because Plaintiff is a citizen of Florida and Defendants are not, complete diversity of citizenship exists between Plaintiff and Defendants for purposes of 28 U.S.C. § 1332.

10.   Lyft, as a non-forum defendant, may remove this action because removal before service on the in-forum defendants is permitted in these circumstances. *Texas Brine Co., LLC v. American Arbitration Association, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020) (holding that a non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be "properly joined and served" is a citizen of the forum state).

**B.   Amount in Controversy Requirement Satisfied**

11.   Plaintiff alleges monetary relief in excess of $250,000.00 in damages, thereby satisfying the amount-in-controversy requirement. *See* Ex. A at ¶ 3.3.

**C.   Notice of Removal Timely Filed**

12.   This Notice of Removal is timely filed, as it is being filed within thirty days after Lyft first ascertained that the case is one which is or has become removable as required by 28 U.S.C. § 1446(b)(3).

## EFFECTUATION OF REMOVAL

Removal is proper under 28 U.S.C. §§ 1332 and 1441 because the amount in controversy, exclusive of interest and costs, exceeds $75,000 and the action is between citizens of different states. Lyft thus hereby removes this action to the United States District Court for the Western District of Texas, Austin Division. Venue is proper in this Court pursuant to 28 U.S.C. § 1446(a), as the United States District Court for the Western District of Texas, Austin Division, is the district in which Plaintiff's Original Petition was filed.

WHEREFORE, Lyft, Inc. hereby removes this action to the United States District Court for the Western District of Texas, Austin Division.

Respectfully submitted,

_____
Bryan D. Pollard
State Bar No. 00795592
FISHERBROYLES, LLP
Highland Park Place
4514 Cole Avenue, Suite 600
Dallas, Texas 75205
bryan.pollard@fisherbroyles.com
Telephone: (214) 984-7153
Facsimile: (214) 279-7192

William J. Akins
State Bar No. 24011972
william.akins@fisherbroyles.com
Telephone: (214) 924-9504

Bradley B. Bush
State Bar No. 24057787
bradley.bush@fisherbroyles.com
Telephone: (512) 766-6226
FISHERBROYLES, LLP
100 Congress Avenue, Suite 2000
Austin, Texas 78701
Facsimile: (214) 481-3768

ATTORNEYS FOR DEFENDANT LYFT, INC.

## INDEX TO DOCUMENTS

| DATE FILED | DESCRIPTION | EXHIBIT# |
|---|---|---|
| 3/16/22 | Plaintiff's Original Petition | A |
| 3/17/22 | Request for Issuance of Citations | B |
| 3/17/22 | Citations (Not Returned or Executed) | C |
| 3/00/22 | Case Docket Sheet | D |