# EXHIBIT A

CAUSE NO. 22-0316-C26 _____

| | | |
|---|---|---|
| **REYES VARGAS,** § | | **IN THE DISTRICT COURT** |
| **Plaintiff,** § | | Williamson County - 26th Judicial District Court |
| § | | |
| **vs.** § | | **WILLIAMSON COUNTY, TEXAS** |
| § | | |
| § | | |
| **BROOKS TAYLOR BAACK, OLUSEGUN** § | | |
| **OLUBUKOLA SHOKOYA, and LYFT, INC.,** § | | |
| **Defendants.** § | | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND AND NOTICE REGARDING INITIAL DISCLOSURES

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW REYES VARGAS, hereinafter referred to as Plaintiff and files this his Plaintiff's Original Petition, Jury Demand and Notice Regarding Initial Disclosures complaining of Brooks Taylor Baack, Olusegun Olubukola and Lyft, Inc., hereinafter referred to as Defendants and would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.01    Pursuant to TRCP Rule 190.1 and TRCP 190.3, Plaintiff in the above-referenced cause intends that discovery is to be conducted under the Level 3 Discovery Control Plan.

### II.
### REQUESTS FOR DISCLOSURE

2.1    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests all parties to disclose, within fifty (50) days of service of this request, the information and material described in Rule 194.2 of the Texas Rules of Civil Procedure. Plaintiff specifically requests the responding parties to produce responsive documents at **THE COCHRAN FIRM – DALLAS, P.L.L.C.** within **fifty (50)** days of service of this request.

## III.
## VENUE AND JURISDICTION

3.1     Venue is proper in the District Court of Williamson County, Texas, pursuant to §15.002 (a)(1) and 15.001 (a)(2) of the Texas Civ. Prac. & Rem. Code, in as much as all or a substantial part of the events or omissions giving rise to the claim occurred in Williamson County.

3.2     Plaintiff's' damages are within the jurisdictional limits of the Court.

3.3     Pursuant to and as required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff pleads that he seek monetary relief in excess of $250,000.00 but less than $1,000,000.00 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. However, as stated below, Plaintiff demands this case be tried before a jury, at which time said jury shall determine the monetary relief awarded.

3.4     The Court has personal jurisdiction over Defendant Lyft, Inc., as it is engaged in business in Texas and has purposefully availed itself of the privilege of conducting business in Williamson County and in Texas. Continuously and systematically since 2012, Lyft, Inc., has targeted and marketed its services to Williamson County citizens. Continuously and systematically since 2012, Lyft, Inc., has contracted with residents of Texas who are drivers for the purpose of services being provided in Texas and in Williamson County. These continuous and systematic contacts with Texas are so substantial that Defendant Lyft, Inc., is essentially "at home" in Texas. Further, the potential claims in this case arise from or relate to Lyft, Inc.'s contacts with Texas such that those contacts with Texas are substantially connected to the operative facts of this proceeding.

## IV.
## PARTIES

4.1    Plaintiff, Reyes Vargas, is a resident of Palm Beach Gardens, Palm Beach County, Florida.  Pursuant to TEXAS CIVIL PRACTICE AND REMEDIES CODE §30.014, the last three digits of Plaintiff Reyes Vargas' social security number are 520.  The last three digits of Plaintiff Reyes Vargas' Florida driver's license are 460.

4.2    Defendant, BROOKS TAYLOR BAACK, is an individual who may be served with process at 1700 Old Settlement Road, Round Rock, Williamson County, Texas 78664 or wherever he may be found.

4.3    Defendant OLUSEGUN OLUBUKOLA SHOYOKA, is an individual who may be served with process at 3400 Boswell Circle, Killeen, Bell County, Texas 76543 or wherever he may be found.

4.4    Defendant LYFT, INC., is a foreign for-profit corporation organized and existing under the laws of the State of Delaware with a principal place of business at 185 Berry Street, San Francisco, CA 94107.  Lyft, Inc., may be served with process through its registered agent, CT Corporation at 1999 Bryan Street, Suite 900, Dallas, Dallas County, TX 75201-3136 or wherever it may be found.

## V.
## FACTS

5.1    On or about June 9, 2021, at approximately 12:42 p.m., Plaintiff was injured in an automobile accident caused by the negligence of Defendants.

5.2    Plaintiff was a passenger in a Lyft being driven by Defendant Olusegun Olubukola Shokoya. While on the way to the Austin-Bergstrom International Airport, Plaintiff decided he wanted to extend his stay in Killeen and asked Defendant Shokoya to take him back to his son's house.  Suddenly, and without warning, Defendant Shokoya pulled over to the right shoulder of

the southbound lanes on State Highway I-30 and stopped his vehicle so he could look at his navigation system and re-route Plaintiff's route. Defendant Baack was traveling at a high rate of speed in the southbound lanes on State Highway I-30 when he made a faulty evasive action to avoid striking a truck that drifted into his lane. As a result, Defendant Baack struck Defendant Shokoya's vehicle that was parked on the shoulder of the highway.

5.4   As a result of the collision described above, Plaintiff suffered serious and lasting injuries and was taken by ambulance to the nearest emergency room.

## VI.
## CAUSES OF ACTION AGAINST DEFENDANT BROOKS TAYLOR BAACK

6.1   Plaintiff hereby incorporates each of the foregoing paragraphs herein as if set forth in full in this section.

6.2   Defendant Baack's negligent acts and omissions were a direct and proximate cause of the accident in question and the resulting injuries and damages sustained by Plaintiff. The negligent acts and omissions, are, among others, as follows:

   a.   Failing to control his speed;
   b.   Failing to maintain a safe and proper lookout;
   c.   Failing to apply his brakes in a timely matter;
   d.   Failing to comply with all traffic laws;
   e.   Taking faulty evasive action; and
   f.   Failing to exercise ordinary care of a reasonably prudent driver in the same or similar circumstances.

6.3   Defendant Baack's negligence was a proximate cause of the collision and the injuries to Plaintiff, and, consequently, Plaintiff's resulting damages.

## VII.
## CAUSES OF ACTION AGAINST DEFENDANT OLUSEGUN OLUBUKOLA SHOKOYA

7.1   Plaintiff hereby incorporates each of the foregoing paragraphs herein as if set forth in full in this section.

7.2     Defendant Shokoya's negligent acts and omissions were a direct and proximate cause of the accident in question and the resulting injuries and damages sustained by Plaintiff. The negligent acts and omissions, are, among others, as follows:

   a. Failing to stop his vehicle in an area where it was safe to do so;
   b. Failing to maintain a safe and proper lookout;
   c. Failing to comply with all traffic laws; and
   d. Failing to exercise ordinary care of a reasonably prudent driver in the same or similar circumstances.

7.3     Defendant Shoyoka's negligence was a proximate cause of the collision and the injuries to Plaintiff, and, consequently, Plaintiff's resulting damages.

## VIII.
## CAUSES OF ACTION AGAINST DEFENDANT LYFT, INC.

8.1     Plaintiff adopts and re-alleges all previous paragraphs as if fully set forth herein.

8.2     Defendant Lyft, Inc., breached its duties to Plaintiff by acting or failing to act as a reasonably prudent company would act under the same or similar circumstances, including, but not limited to, the following:

   a. Failing to act with ordinary care;
   b. Failing to use ordinary care in the hiring of Olusegun Olubukola Shokoya;
   c. Failing to use ordinary care in the supervising, retaining, monitoring, or training of Olusegun Olubukola Shokoya as an employee and/or agent;
   d. Failing to use ordinary care in selecting Shokoya as a driver as Olusegun Olubukola Shokoya was incompetent or unfit to be a driver for hire;
   e. Failing to use ordinary care in exercising whatever control Lyft, Inc., retained over Olusegun Olubukola Shokoya;
   f. Failing to adopt, implement, and enforce safety policies;
   g. Through its employed driver, failing to maintain a safe and proper lookout; and
   h. Through its employed driver, failing to comply with all traffic laws.

   a. **RESPONDEAT SUPERIOR**

8.3     Defendant LYFT, INC. is vicariously liable for the damages proximately caused to Plaintiff by virtue of the negligent conduct of its employee and/or agent, Defendant Olusegun

Olubukola Shokoya. At all times material to the allegations contained in this Petition, Defendant Olusegun Olubukola Shokoya was an employee and/or agent of Defendant LYFT, INC., and was acting within the course and scope of his employment. Therefore, Defendant LYFT, INC., is vicariously liable to Plaintiff for the negligent acts and/or omissions of its employee and/or agent under the theory of respondeat superior.

### b. NEGLIGENT TRAINING AND SUPERVISION

8.4   Defendant LYFT, INC., is further liable to Plaintiff for failing to properly train and supervise its employee and/or agent, Defendant Olusegun Olubukola Shokoya, regarding proper use of vehicles on public roadways.

8.5   The above acts or omissions by Defendant LYFT, INC., were a producing and/or proximate cause of Plaintiff's injuries and the resulting damages Plaintiff seeks in this suit. Plaintiff prays that, following a verdict, all such damages asserted below be awarded against Defendant LYFT, INC.

## IX.
## DAMAGES

9.1   Plaintiff adopts and re-alleges all previous paragraphs as if fully set forth herein.

9.2   Plaintiff has sustained physical pain and suffering, physical impairment, conscious pain and suffering and mental anguish in the past and, in all probability, will sustain these elements of damage in the future.

9.3   Plaintiff has incurred reasonable and necessary medical expenses in the past and in all probability, will incur reasonable and necessary medical expenses in the future.

9.4   Plaintiff has incurred lost wages and a loss of wage-earning capacity in the past and, in all probability, will sustain lost wages and a loss of wage-earning capacity in the future.

9.5     Plaintiff's damages at the time of the filing of this petition are in excess of the minimum jurisdictional limits of this Court.

## X.
## PRE-JUDGMENT INTEREST AND POST-JUDGMENT INTEREST

10.1    Plaintiff adopts and re-alleges all previous paragraphs as if fully set forth herein.

10.2    Plaintiff submits that many of the damages he has sustained may be determined by known standards of value and accepted rules of evidence. Accordingly, Plaintiff claims that he is entitled to pre-judgment interest from the date of the occurrence in question or the date such damages can be determined prior to judgment or as the Court otherwise directs, calculated at the legal rate or as otherwise set by law or the Court. Further, Plaintiff seeks post-judgment interest in accordance with the maximum legal interest rates allowable in the State of Texas.

## XI.
## JURY DEMAND

11.1    Plaintiff hereby requests a jury trial.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Reyes Vargas, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

          Respectfully submitted,
          **THE COCHRAN LAW FIRM-DALLAS, PLLC**


          */s/ Bryan D. Pope*_____
          Bryan D. Pope
          State Bar No. 00788213
          bpope@cochrantexas.com
          Larry F. Taylor
          State Bar. No. 24071156
          3400 Carlisle Street, Suite 550
          Dallas, Texas 75204
          (214) 651-4260 (Telephone)
          (214) 651-4261 (Facsimile)

          For E-Service please include:
          twickstrom@cochrantexas.com


          ATTORNEYS FOR PLAINTIFF